**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**


UNITED STATES OF AMERICA

                                             CRIMINAL ACTIONS

VERSUS                                  NO. 03-120-SDD-SCR
                                           NO. 03-151-SDD-SCR


BARRY E. DAWSEY

**RULING**

      This matter is before the Court on the Defendant Barry E. Dawsey's ("Defendant")

*Motion to Accept Restitution Compromise and to Alter Judgment.*[1]  On November 3, 2004,

the Defendant was sentenced to 37 months of imprisonment and ordered to pay a special

assessment fee of $1,700.00 and restitution totaling $215,186.08.  This *Judgment* was

entered on November 12, 2004.[2]  The motion and exhibits before the Court reflect that the

Defendant has reached a compromise with various victims who have agreed to waive any

outstanding restitution owed to them as set forth in the *Judgment.*  These particular victims

have agreed to accept what the Defendant has paid to date, in each instance the amount

being less than that ordered by the Court.  The motion also represents that the United

States is a party to the settlements reached between the Defendant and the listed victims

by requesting "this Court will approve the compromise reached between Dawsey, the

---

[1] Rec. Doc. No. 101 in Criminal Action No. 03-120; Rec. Doc. No. 54 in Criminal Action No. 03-151.

[2] Rec. Doc. No. 85 in Criminal Action No. 03-120; Rec. Doc. No. 47 in Criminal Action No. 03-151.

Government, and the listed victims... ."[3]  Additionally, the Defendant correctly notes that, "[a]lthough Dawsey and eight of the victims have reached a compromise of a reduced restitution payoff, it does not change the Judgment of the court as to the amount owed, and, currently, Dawsey remains responsible for the full amount of restitution imposed on November 11, 2004 until the Court orders otherwise."[4]  Defendant moves the Court to alter the *Judgment* with respect to the ordered restitution in light of the compromises reached with only those victims who have agreed to the modification.  However, the Defendant cites no authority for the Court to grant such a motion.

In *United States v. Ridgeway*,[5] the Fifth Circuit ruled that "the Government's penal objectives in imposing and collecting restitution cannot be waived by the victim."[6]  In *Ridgeway*, the defendant had pled guilty to several fraud-related counts and was sentenced to 48 months imprisonment.  He was also fined $50,000.00 and ordered to pay $100,000.00 in restitution to the Louisiana Insurance Guaranty Association (LIGA).[7]  The Fifth Circuit held that "LIGA could certainly waive its own rights to initiate a civil suit against Ridgeway to collect overdue restitution, and it appears to have done exactly that in this case.  But it could not waive the Government's authority to collect restitution, as that bears uniquely on the State's right to administer punishment."[8]

---

[3] Rec. Doc. No. 54, ¶ 11; Rec. Doc. No. 101, ¶ 11.

[4] *Id.* at ¶ 10 (The *Judgment* was dated and entered November 12, 2004).

[5] 489 F.3d 732 (5th Cir. 2007).

[6] *Id.* at 737, citing *United States v. Cloud*, 872 F.2d 846, 854 (9th Cir. 1989).

[7] *Id.* at 733.

[8] *Id.* at 738.

In *United States v. Rooney*,[9] the District Court for the Northern District of Texas was presented with a similar request.  Rooney moved to have the Court modify the restitution requirement as part of his sentence to give effect to a settlement reached with the victim of the offense, Compass Bank.  Initially, at the time of sentencing, the court appeared inclined to grant such a request, stating: "My belief is that when the victim contends that restitution has been resolved that there is then a pleading that can be filed with the court that terminates the restitution obligation."[10]  However, upon the filing of the motion, the court found that it did not have this authority, stating: "Based on developments in the law since the court sentenced Rooney in October 2001, the court holds that it does not."[11]  Specifically, the Court noted as follows:

> The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A *et seq.*, "requires a sentencing court to order restitution for a victim's 'actual loss directly and proximately caused by the defendant's offense of conviction.'" *United States v. McKenzie*, 550 Fed. Appx. 221, 225 (5th Cir. 2013) (*per curiam*) (quoting *United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012)); 18 U.S.C. § 3663A.  It "serves the dual purposes of ensuring 'that criminals pay full restitution to their victims for all damages caused as a result of the crime' and providing 'those who suffer the consequences of crime with some means of recouping the personal and financial losses.'" *United States v. Edward D. Jones & Co.*, 2011 WL 7025905, at *1 (E.D.Tex. Dec. 21, 2011) (citations omitted).  Although restitution "resembles a judgment 'for the benefit of' a victim, it is penal, rather than compensatory" in nature. *United States v. Johnson*, 983 F.2d 216, 220 (11th Cir.1993) (quoting *Kelly v. Robinson*, 479 U.S. 36, 52–53, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986)).  Thus "the Government's penal objectives in imposing and collecting restitution cannot be waived by the victim." *United States v. Ridgeway*, 489 F.3d 732, 737 (5th Cir.2007).

---

[9] No. 01-CR-231-D, 2014 WL 3865974 (N.D. Tex. Aug. 6, 2014).

[10] *Id.* at *2.

[11] *Id.*

The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution.... Unlike an obligation which arises out of a contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose.

*Id.* at 737-38 (quoting *Kelly*, 479 U.S. at 52).[12]

Rooney argued that 18 U.S.C. § 3664(k) authorized the court's amendment of the restitution order as that Section gives the court authority to adjust restitution schedules.[13] The court rejected this argument, finding that, "[t]his provision, however, 'provides no basis for the discharge of an entire restitution obligation on grounds of a negotiated partial payment.'"[14] The court continued: "In other words, the statute permits the modification of a restitution order based on a change in the defendant's *ability* to pay, but not a change in his *obligation* to pay."[15]

Next, Rooney argued that the court had authority to alter the judgment under Section 3563(c) which allows the court to modify conditions of probation. The court rejected this argument, finding that the statute must be interpreted consistently with the MVRA as

---

[12] *Id.* at *2-3.

[13] *Id.* at *3.

[14] *Id.*, quoting *United States v. Maestrelli*, 156 F. App'x 144, 146 (11th Cir. 2005)(per curiam).

[15] *Id.*, citing *Maestrelli*, 156 F. App'x at 146 (emphasis in original).

discussed above.[16]  In response to Rooney's contention that the court had authority under

Section 3664(o), the Court stated: "The court has already concluded that § 3664(k) does

not authorize the court to modify the restitution obligation to reflect the settlement

agreement that Rooney and Compass have reached. ... Rooney offers no persuasive

argument for suggesting any of § 3664(o)'s other enumerated exceptions applies to his

case."[17]  Finally, Rooney argued that under Section 3613(a), restitution orders could be

enforced like civil judgments.  The court likewise rejected this argument, finding that

Section 3613(a) "does not grant the court the authority to modify or terminate a restitution

obligation imposed as part of a criminal sentence."[18]

The court acknowledged that at the sentencing hearing, it was amenable to the

parties resolving the restitution matter between themselves.  However, the court held that

"developments in the law since the time the sentiments were expressed confirm that

Rooney cannot obtain the relief he seeks by the present motion.  Compass is powerless

to waive the restitution obligation that the court imposed as part of the sentence."[19]

In the present case, the Defendant has not presented any statutory or jurisprudential

authority that would allow the Court to grant the requested relief.  In fact, the jurisprudence

---

[16] *Id.*

[17] *Id.* at *4.

[18] *Id.*

[19] *Id.*, citing *United States v. Wyss*, 744 F.3d 1214, 1218-20 (10th Cir. 2014)(holding that 18 U.S.C. § 3563(c), which generally authorizes district court to modify conditions of probation, did not authorize district court to modify order of restitution); *Ridgeway*, 489 F.3d at 737 ("The Government's penal objectives in imposing and collecting restitution cannot be waived by the victim."); *Maestrelli*, 156 F. App'x at 147 (holding that 18 U.S.C. § 3664(k) provides no basis for the discharge of an entire restitution obligation on grounds of a negotiated partial settlement).

discussed above clearly forecloses the requested relief.  Therefore, the Court DENIES the

Defendant's *Motion to Accept Restitution Compromise and to Alter Judgment.*[20]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>November 19, 2014</u>.

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[20] Rec. Doc. No. 101 in Criminal Action No. 03-120; Rec. Doc. No. 54 in Criminal Action No. 03-151.